09-1156-cr
United States v. Cao

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand eleven.

PRESENT:

>JOSÉ A. CABRANES,
>DENNY CHIN,
>>*Circuit Judges,*
>JOHN F. KEENAN,
>>*District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

>*Appellee,*

>-v.-                                                                No. 09-1156-cr

YI GUO CAO,

>*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**      JOEL S. COHEN, New York, NY.

**FOR APPELLEES:**      BRIAN R. BLAIS, Assistant United States Attorney (Preet Bharara, United States Attorney, *on the brief*; and Michael D. Maimin, Assistant United States Attorney, *of counsel*), United States Attorney's Office for the Southern District of New York, New York, NY.

---

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a March 10, 2009, order of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-Appellant Yi Gua Cao appeals from his conviction, following a jury trial, of assault in retaliation for another person's provision of information to a law enforcement officer about the commission of a federal offense and because that person testified as a witness at a trial, in violation of 18 U.S.C. § 1513(b)(1) and (2).[1]  On appeal, Cao argues that the jury lacked sufficient evidence to support the inference that he intended to retaliate against Lin Fan Yu in response to Yu's provision of assistance and testimony in the government's prosecution of Cao's cousin, Chen Hui, and her husband, Oh-Yang Heng De.  We assume the parties' familiarity with the facts, procedural history, and the issues presented on appeal.

While we review a district court's determination with regard to the sufficiency of the evidence *de novo*, a defendant challenging the sufficiency of the evidence to support his conviction bears a "heavy burden." *United States v. Gaskin*, 364 F.3d 438, 459 (2d Cir. 2004).  That is because, when reviewing such a challenge, "we must credit every inference that could have been drawn in the government's favor" and "defer to the jury's determination of the weight of the evidence and the credibility of witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence," and we affirm "where viewed in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements" of the crime charged.  *United States v. Miller*, 626 F.3d 682, 691 (2d Cir. 2010) (quotation marks and citations omitted).  After such a review of the record on appeal, we hold that a rational jury could find Cao guilty of the offense for which he was convicted, substantially for the reasons stated by the District Court in its decision from the bench denying Cao's motion for a judgment of acquittal pursuant to Federal

---

[1] 18 U.S.C. § 1513(b) provides, in relevant part:

Whoever knowingly engages in any conduct and thereby causes bodily injury to another person . . . or threatens to do so, with intent to retaliate against any person for –

(1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or

(2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings given by a person to a law enforcement officer;

or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

Rule of Civil Procedure 29, or, in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 33. *See* Transcript of Rule 29 and Rule 33 Decisions 3-10, *United States v. Cao*, 08-CR-368 (S.D.N.Y. Nov. 12, 2008).

Cao's primary argument on appeal is that the only evidence of his retaliatory motive consisted of the victim's testimony regarding explicit threats made by Cao, and that because Cao was acquitted of that threat, the evidence supporting his retaliatory intent is insufficient for a jury to convict Cao of that charge. We disagree. First, we agree with the District Court that the evidence presented by the government was more than sufficient to adequately connect Cao's assault on Lin to Chen and Oh Yang. *Id.* at 6-7. The fact that this evidence—consisting of repeated visits and telephone calls, including immediately following Cao's assault against Lin—was "circumstantial" does not render it insufficient. *See, e.g., United States v. Brown*, 937 F.2d 32, 36 ("Since direct evidence of retaliatory intent is rarely available to prosecuting attorney . . . courts have long since held it proper for a jury to base its verdict wholly on reliable inferences deduced from circumstantial evidence.").; *see generally* Fed. R. Evid. 901 ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."); *accord. United States v. Tin Yat Chin*, 371 F.3d 31, 37 (2d Cir. 2004) ("Rule 901 does not erect a particularly high hurdle, and that hurdle may be cleared by circumstantial evidence." (quotation marks omitted)).

Second, the jury's decision to acquit Cao for <u>threatening</u> on February 9, 2008, to retaliate against Lin (Court One) does not mean that the jury was required to acquit Cao for <u>actual </u>retaliation on March 18, 2008. It is beyond question in this Circuit that a jury is free to believe some parts of the victim's testimony and not believe others. *See, e.g., United States v. Gleason*, 616 F.2d 2, 15 (2d Cir. 1979). Moreover, even if the verdicts were actually inconsistent, "it has long been established that inconsistency in jury verdicts of guilty on some counts and not guilty on others is not a ground for reversal of the verdicts of guilty," *United States v. Acosta*, 17 F.3d 538, 545 (2d Cir.1994), because "[e]ach count in an indictment is regarded as if it was a separate indictment," *United States v. Powell*, 469 U.S. 57, 62 (1984) (internal quotations and citations omitted). Accordingly, in light of the ample evidence to support the jury's determination and our obligation to "defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses," *United States v. Payne*, 591 F.3d 46, 60 (2d Cir. 2010), we conclude that Cao has failed to meet the high bar set under our precedent to establish that the evidence presented at trial was legally insufficient to sustain his conviction for assault in retaliation in violation of 18 U.S.C. § 1315(b)(1) and (2).

## CONCLUSION

We have considered each of Cao's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk

3