17-1471
*Dziedziach v. Barr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty.

Present:
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,

—————————————————————

ROBERT DZIEDZIACH,

> *Petitioner*,

> v.                                          17-1471

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

> *Respondent*.

—————————————————————

For Petitioner:                THOMAS E. MOSELEY, Newark, NJ.

For Plaintiff-Appellee:        TIMOTHY G. HAYES, Trial Attorney, Chad A. Readler, Acting Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the Board of Immigration Appeals ("BIA") decision is **GRANTED** and the case is remanded to the agency.

Robert Dziedziach, a native and citizen of Poland, seeks review of a May 1, 2017 decision of the BIA affirming a November 23, 2015 decision of an Immigration Judge ("IJ") ordering his removal for a crime involving moral turpitude ("CIMT") and denying a waiver of inadmissibility under 8 U.S.C. § 1182(h) and relief under the Convention Against Torture ("CAT"). *In re Robert Dziedziach,* No. A096 627 384 (B.I.A. May 1, 2017), *aff'g* No. A096 627 384 (Immig. Ct. N.Y. City Nov. 23, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and legal issues *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.    Removability

On appeal, Dziedziach argues that the agency erred in concluding that he was removable under 8 U.S.C. § 1227(a)(2)(A)(i). Section 1227(a)(2)(A)(i) provides that an alien is removable if he is "convicted of a crime involving moral turpitude committed within five years . . . after the date of admission, . . . for which a sentence of one year or longer may be imposed." Dziedziach was convicted in 2012, pursuant to a guilty plea, of conspiracy to retaliate against a witness in violation of 18 U.S.C. § 1513(b). The underlying criminal conduct of this conspiracy took place between April 2006 and September 2008 and involved Dziedziach and others hiring individuals to assault and intimidate plaintiffs in a lawsuit against a construction company where Dziedziach was employed. That intimidation included throwing acid on a plaintiff's girlfriend. The statute of Dziedziach's conviction, 18 U.S.C. § 1513(b), reads:

> Whoever knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for—

2

> (1) the attendance of a witness or party at an official proceeding, or any testimony given or any record, document, or other object produced by a witness in an official proceeding; or
> (2) any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings given by a person to a law enforcement officer;
>
> or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

While we grant the BIA's interpretation of the phrase "moral turpitude" *Chevron* deference, *Rodriguez v. Gonzales*, 451 F.3d 60, 63 (2d Cir. 2006), and review *de novo* whether the elements of any particular crime categorically meet this definition, *Gill v. INS*, 420 F.3d 82, 89 (2d Cir. 2005), our review on appeal is limited to the grounds "upon which the record discloses that [the agency's] action was based," *SEC v. Chenery Corp.,* 318 U.S. 80, 87 (1943); *see Wala v. Mukasey*, 511 F.3d 102, 106 (2d Cir. 2007) (noting that this principle applies in the immigration context). As such, the BIA's decision limits our analysis of whether 18 U.S.C. § 1513(b) is a CIMT to the definition applied by the agency. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002) (noting that appellate courts reviewing asylum claims are not to substitute their reasoning for the agency's reasoning and citing *Chenery*).

The BIA defined CIMT here as "[o]ffenses that impair and obstruct the lawful function of government by defeating its efficiency or destroying the value of its operations *by graft, trickery, or dishonest means . . . .* " A.R. at 6 (emphasis added).

Looking to 18 U.S.C. § 1513(b)'s elements, the relevant "means" for a conviction is conduct which causes (or threatens to cause) "bodily injury" or tangible property damage. *See United States v. Draper,* 553 F.3d 174, 180 (2d Cir. 2009) (noting that to sustain a "witness retaliation" charge under § 1513(b) the government "must establish . . . [that] the defendant engaged in conduct that caused or threatened a witness with bodily injury"). Such conduct need not be, in itself, "dishonest" in any normal sense of the word. Thus, under the definition articulated by the BIA here, it is clear that most, if not all, § 1513(b) convictions are obtained without any showing of "dishonest" means. *See, e.g., United States v. Yi Guo Cao,* 420 F. App'x 25 (2d Cir. 2011)

3

(summary order) (Section 1513(b) conviction for assaulting a witness who testified at a trial).  The use or threatened use of force against a person or their property is certainly a deplorable means, but not, inherently, a dishonest one.  Because Dziedziach's conviction does not categorically involve any "graft, trickery, or dishonest means," we remand this case to the agency to consider if, under a different definition of CIMT, Dziedziach's conviction is categorically a CIMT.[1]

In granting this petition and ordering a remand, we take no position on the validity of Dziedziach's arguments regarding the unconstitutional vagueness of the "crime involving moral turpitude" standard or whether 18 U.S.C. § 1513(b) is not categorically a CIMT under a proper definition of that phrase.  As to Dziedziach's remaining arguments, we find them to be without merit.

Accordingly, we **GRANT** the petition for review, and remand this case to the BIA for further proceedings in accordance with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1]  For example, while the BIA relied on the "dishonest means" definition, the Board did cite to definitions of CIMT as conduct that was "base, vile, or depraved" and involved both "reprehensible conduct" and a "culpable mental state."  A.R. at 4 (citing *Matter of Silva-Trevino*, 26 I&N Dec. 826, 833–34 (B.I.A. 2016)).  The agency is free to rely on this definition or any other when considering whether 18 U.S.C. § 1513(b) is categorically a CIMT on remand.

4